IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Joanne Startare, Mabel Perez and Elaine Cardwell, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.   09 C 4460 |
| GC Services Limited Partnership, a Delaware limited partnership | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiffs, Joanne Startare, Mabel Perez and Elaine Cardwell, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.   Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.   Plaintiff, Joanne Startare ("Startare"), is a citizen of the State of New Jersey, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to Citibank, despite the fact that she was represented as to this debt by

the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Plaintiff Mabel Perez ("Perez") is a citizen of the State of Utah, and Plaintiff Elaine Cardwell ("Cardwell") is a citizen of the State Massachusetts. Defendant tried to collect delinquent consumer debts owed for Sears credit card accounts from Ms. Perez and Ms. Cardwell despite their representation by the legal aid attorneys at LASPD in Chicago Illinois..

5. Defendant, GC Services Limited Partnership ("GC Services"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. GC Services operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

6. Defendant GC Services was licensed to conduct business in Illinois and maintains a registered agent here. See, record from the Illinois Secretary of State, which is attached as Exhibit A.

7. Defendant GC Services is licensed to act as a collection agency in Illinois. See, record from the Illinois Division of Professional Regulation, which is attached as Exhibit B.

## FACTUAL ALLEGATIONS

**Ms. Joanne Startare**

8. Ms. Startare is a disabled woman who fell behind on paying her bills. One such debt she was unable to pay was a debt she owed to Citibank. Accordingly,

Ms. Startare sought the assistance of the legal aid attorneys at LASPD, in Chicago, Illinois, regarding her financial difficulties.

9. Because Defendant GC Services was attempting to collect the delinquent Citibank from Ms. Startare, she had her LASPD attorney write to Defendant GC Services a letter, dated April 11, 2009, that advised Defendant that Ms. Startare was represented by counsel, and directed it to cease contacting her and to cease all further collection activities because she was forced by her financial circumstances to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

10. Disregarding this letter, Defendant GC Services continued its collection actions by faxing a letter, dated June 4, 2009, to LASPD demanding that Ms. Startare pay the Citibank debt. A copy of this letter is attached as Exhibit D.

11. Accordingly, on June 27, 2009, Ms. Startare's LASPD attorney had to send Defendant GC Services yet another letter directing it to cease collection actions. Copies of this letter and fax confirmation are attached as Exhibit E.

**Ms. Mabel Perez**

12. Ms. Perez is a senior citizen who fell behind on paying her bills. One such debt she was unable to pay was a debt she owed for a Sears credit card. Accordingly, Ms. Perez sought the assistance of legal aid attorneys at LASPD regarding her financial difficulties.

13. Because Defendant GC Services was attempting to collect the delinquent Sears debt from Ms. Perez, she had her LASPD attorney write to Defendant GC Services a letter, dated September 9, 2008, advising Defendant that Ms. Perez was

3

represented by counsel, and directing it to cease contacting her and to cease all further collection activities because she was forced by her financial circumstances to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit F.

14. Disregarding this letter, Defendant GC Services continued its collection action sending Ms. Perez a collection letter, dated November 5, 2008, demanding that Ms. Perez pay the Sears debt. A copy of this letter is attached as Exhibit G.

15. Accordingly, on December 24, 2008, Ms. Perez's LASPD attorney had to send Defendant GC Services yet another letter directing it to cease collection actions. Copies of this letter and fax confirmation are attached as Exhibit H.

**Ms. Elaine Cardwell**

16. Ms. Cardwell is a disabled senior citizen who fell behind on paying her bills. One such debt she was unable to pay was a debt she owed for a Sears credit card. Accordingly, Ms. Cardwell sought the assistance of legal aid attorneys at LASPD regarding her financial difficulties.

17. Because Defendant GC Services was attempting to collect the delinquent Sears debt from Ms. Cardwell, she had her LASPD attorney write to Defendant GC Services a letter, dated August 19, 2008, advising Defendant that Ms. Cardwell was represented by counsel, and directing it to cease contacting her and to cease all further collection activities because she was forced by her financial circumstances to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit I.

18. Disregarding this letter, Defendant GC Services continued its collection action sending Ms. Cardwell a collection letter, dated September 2, 2008, demanding that Ms. Cardwell pay the Sears debt. A copy of this letter is attached as Exhibit J.

19. Accordingly, on September 30, 2008, Ms. Cardwell's LASPD attorney had to send Defendant GC Services yet another letter directing it to cease collection actions. Copies of this letter and fax confirmation are attached as Exhibit K.

20. All of the collection actions at issue occurred within one year of the date of this Complaint.

21. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Collections

22. Plaintiffs adopt and reallege ¶¶ 1-21. Count I is brought on behalf of all Plaintiffs.

23. Section 1692c(c) of the FDCPA prohibits a debt collector from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

24. Here, the letters Plaintiffs' LASPD attorney told Defendant GC Services to cease collections and that they refused to pay the debts. By continuing collections actions regarding this debt and demanding payment, Defendant GC Services violated § 1692c(c) of the FDCPA.

5

25. Defendant GC Services' violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

26. Plaintiffs adopt and reallege ¶¶ 1-21. Count II is brought solely on behalf of Plaintiffs Perez and Cardwell.

27. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

28. Defendant GC Services knew that Ms. Perez and Ms. Cardwell were represented by counsel in connection with their debts because the attorneys at LASPD had informed Defendant, in writing, that they were represented by counsel, and had directed Defendant to cease directly communicating with them. By directly writing to Ms. Perez and Ms. Cardwell, despite being advised that they were represented by counsel, Defendant GC services violated § 1692c (a)(2) of the FDCPA.

29. Defendant GC Services' violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiffs, Joanne Startare, Mabel Perez and Elaine Cardwell, pray that this Court:

1. Find that Defendant GC Services' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiffs, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiffs, Joanne Startare, Mabel Perez and Elaine Cardwell, demand trial by jury.

                                              Joanne Startare, Mabel Perez and
                                              Elaine Cardwell,

                                              By: /s/ David J. Philipps_____
                                              One of Plaintiffs' Attorneys

Dated: July 24, 2009

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com